**Bogdan GREN, Petitioner–Appellant,**

v.

**Charles GREINER, Superintendent, Green Haven Correctional Facility, Eliot L. Spitzer, New York State Attorney General, Respondents–Appellees.**

No. 03–2546.

United States Court of Appeals, Second Circuit.

March 3, 2004.

Martin M. Lucente, The Legal Aid Society, Criminal Appeals Bureau, Brooklyn, NY, for Petitioner–Appellant.

Donna Aldea, Assistant District Attorney (John M. Castellano, Assistant District Attorney, Richard A. Brown, District Attorney, on the brief), Queens County District Attorney's Office, Kew Gardens, NY, for Respondents–Appellees, of counsel.

Present: STRAUB, B.D. PARKER, Circuit Judges, and STANTON, District Judge.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Petitioner Bogdan Gren appeals from a July 23, 2003 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) denying Gren's petition, made pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus. *Gren v. Greiner,* 275 F.Supp.2d 313 (E.D.N.Y.2003).

After a jury trial in New York State Supreme Court, Queens County, Gren was convicted of murder in the second degree, kidnapping in the first and second degrees, and criminal possession of a weapon in the second degree. He was sentenced to twenty-five years to life imprisonment.

In the § 2254 petition that he filed with the District Court, Gren asserted that his Fifth and Fourteenth Amendment rights were violated by the state trial court's failure to suppress his incriminating statements to the police. Those statements were made while Gren was recovering from serious injuries on a gurney in a hospital trauma room and Gren claims that they were obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

---

* The Honorable Louis L. Stanton, United States District Judge for the Southern District of New York, sitting by designation.

There is no dispute that Gren exhausted his state court remedies. Before his trial, Gren sought to have his confession suppressed. After conducting a *Huntley* hearing, the trial court applying *Miranda,* determined that "the atmosphere [in which Gren made the relevant statements] was non-custodial." Gren unsuccessfully appealed his conviction, specifically challenging the trial court's denial of his motion to suppress his confession and thereby preserving that issue for habeas review. The Appellate Division, Second Department, explicitly rejecting Gren's arguments, affirmed the trial court, and the Court of Appeals denied Gren leave to appeal.

Finding that the state courts' determination–that Gren was not in custody when he was questioned by a police detective at the hospital–was a reasonable application of *Miranda,* the District Court denied Gren's petition but granted him a certificate of appealability. *See Gren,* 275 F.Supp.2d at 321. This appeal followed.

We review *de novo* the District Court's denial of Gren's habeas petition. *Sweet v. Bennett,* 353 F.3d 135, 139 (2d Cir.2003). For substantially the reasons articulated in its opinion, we affirm the District Court's dismissal of Gren's § 2254 petition. We presume familiarity with the District Court's detailed recitation of the facts of this case, *see id.* at 315–16, 319–21, and refer only to those facts necessary to our disposition.

Under § 2254(d)(1), Gren may obtain federal habeas relief with respect to a claim, such as the one raised here, that has been adjudicated on the merits in state court, only if the relevant state court decision either (i) "was contrary to ... clearly established Federal law, as determined by the Supreme Court," or (ii) "involved an unreasonable application of" the same. *See also Williams v. Taylor,* 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (interpreting § 2254(d)(1)). It is clear that the former is inapplicable in this case because there is no Supreme Court decision on point that involves "a set of materially indistinguishable facts." *Id.* at 413. Under the latter clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

Applying this highly deferential standard to the case at bar, we cannot conclude that the state courts' application of Supreme Court precedents to the circumstances presented here was unreasonable. Although we might reach a different conclusion if the question were presented to us on direct appeal, the Supreme Court has been clear that § 2254 does not permit us to substitute our judgment in state *habeas* cases unless we find that the state courts acted unreasonably. *See id.* at 411 ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

It is well-settled that, *if* Gren was "interrogated while 'in custody,'" he should have been given *Miranda* warnings. *Parsad v. Greiner,* 337 F.3d 175, 181 (2d Cir. 2003) (quoting *Thompson v. Keohane,* 516 U.S. 99, 102, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995)). Determining whether Gren was "in custody" when he was interviewed at the hospital by a police detective involves consideration of whether, under the circumstances, a reasonable person in Gren's situation "would have felt 'at liberty to terminate the interrogation and leave.'" *Parsad,* 337 F.3d at 181–82 (quoting *Thompson,* 516 U.S. at 112–13).

In this case, the police officers who arrived at the scene of the crime initially drew their guns, but later reholstered them. *See Cruz v. Miller,* 255 F.3d 77, 86 (2d Cir.2001) (observing that officers' reholstering of their guns was relevant to custody inquiry). Gren was frisked but not handcuffed and he was not placed under arrest. In light of his injuries, he was immediately transported to the hospital and a police officer accompanied him in the ambulance.

The incriminating statements at issue in this case were made by Gren while he was in the trauma room at the hospital, recovering from his injuries. Gren was questioned at the hospital only after the detective obtained permission from the attending physician. Gren was not handcuffed at the hospital. During the alleged interrogation, that detective was the only police officer in the hospital room and he asked Gren a limited number of questions. *See Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) (holding that being asked "a modest number of questions" by "a single police officer," was not, under the circumstances, "the functional equivalent of formal arrest"). The trial court found that the nature of the detective's inquiry was "investigatory" not "accusatory." Prior to the interview, there was no officer stationed in Gren's room and there is no evidence that Gren was aware that other officers were present at the hospital. Under these circumstances, we cannot conclude that the state courts were unreasonable in finding that Gren was not "in custody" at the time that he admitted his role in the kidnapping and murder.

For the reasons stated above, the judgment of the District Court denying Gren's § 2254 petition is AFFIRMED.